PALMETTO TOWN COMPANY AGT. JAMES S. RUCKER.

*Practice: Service: Summons: Corporation: Error.*

1. A return of service of summons upon the secretary of a town company should state that the president or other chief officer was absent from the county, or could not be found.

2. For irregularities of procedure and matters of form, which are subject to amendment, and susceptible of legal adjustment, in practice, so as to promote substantial justice, parties must first procure the action of the court of original jurisdiction thereon, before they can resort to the appellate jurisdiction of the supreme court.

NOTE.—See Case agt. Hannahs, 2 Kansas, 491.]

ERROR from the District Court of the Second Judicial District in and for Marshall County.

*By the Court*—WILLIAMS, J.

The petition of the plaintiff in error was filed in this court on the 24th day of May, 1860, praying for the reversal of the judgment of the district court of Marshall county, in the second judicial district, as rendered in favor of James S. Rucker, the defendant in error here, at the April term of that court, 1860. By default the judgment is rendered for the sum of two hundred and eight dollars and seventy cents, and also for thirty dollars and thirty-five cents interest, which had accrued up to the time of judgment. The reversal of the judgment of the district court is sought upon the following assignment of errors: 1st. That said plaintiff in error had no legal notice of the pendency of said suit. 2d. The suit is alleged, in the petition of the plaintiff below, to have been on a note alleged to have been lost or stolen, and said petition is not signed by the plaintiff below, nor by his attorney. 3d. In the jurat of said intended petition, it is alleged that the lost or stolen " written instrument sued upon, was then and there in the hands of the attorney of the said plaintiff below." 4th. " A copy of said lost or stolen promissory note, alleged to have been, then and there, in the hands of said attorney, was not attached to nor made a part of said so-called petition, as provided by the code." 5th. No petition, as provided in the code, was filed by the plaintiff below. 6th. The agreement and bond of indemnity, referred to in the petition, was not filed in the case. 7th. The judgment is for the plaintiff below, when it

should have been a judgment of non-suit. We will
consider and dispose of the errors, here assigned, in
view of the record of the case, and the provisions of
the code, as applicable to them. The first error as-
signed is based on the fact (which appears of record),
that the summons was served on the secretary of the
Palmetto Town Company, and not on the president or
other chief officer, if found in the county, as pre-
scribed by the code. It is contended that the return
of the officer, who served the summons, should have
shown that the president, or other chief officer, could
not be found in the county to render the service, as
made on the secretary, legal. This position of prac-
tice, we consider, is the proper one, and should be
observed, in order to a full compliance with the stat-
ute. In the absence of the president, or other chief
officer, a service on the secretary would be, in law,
good. It is, however, true that, in point of fact, the
secretary, in the position he holds, and the business
relation he occupies to the company, would be, per-
haps, as certain to inform the company of the notice
of the action, as the president or other chief officers,
still it is our duty to give effect to the intent of the
legislature, and, by the use of proper means, to en-
force the observance of statutory provisions. The
return of the officer should have set forth the fact,
that the president, or other chief officer, " was absent
from the county, or could not be found," in order to
render the service a perfect one, in strict compliance
with the statute. However, we do not consider this
in the light of no service, but merely as defective.

Palmetto Town Company agt. James S. Rucker.

We do not feel willing, in view of the record and circumstances therein, when the service was actually made upon the secretary of the company (who is recognized by the statute, as a proper person on whom to make the service, in the absence of "the president, or other chief officer, from the county"), to conclude that there was no service at all, and, therefore, that the court below had no jurisdiction of the person of the defendant. The facts of a proper legal service, could, and should have been investigated, and fairly settled, in the district court, where, by the proper motion being made, that court possessed the power and means, by evidence, to ascertain the truth on the subject. If the return of the officer could have been so amended, consistently with the facts of the service, as they really existed, so as to make the notice effectual in law, that (the district) court was the proper forum for such proceeding. Having original jurisdiction, by the exercise of which, the facts necessary to a fair and full decision, could be adduced in evidence, the parties could there be fully heard, and justice done. Among other provisions of the code, to guard against irregularities of procedure in the district courts of the territory, and advance substantial justice between parties litigant, under the head of "procedings to reverse, vacate or modify judgments and orders, in the courts in which they are rendered," is the following power vested in the court: "That the probate court or district court shall have power to vacate or modify its own judgments or orders, at or after the term at which such judgment or order was made." The third

subdivision thereof is as follows: "For mistakes, neglect or omission of the clerk, or irregularity in obtaining a judgment or order." Code of Civil Procedure, section 546, page 172. We find, also, that the code affords the most ample opportunity, as to time, for the correction of such irregularity of procedure, before the same tribunal, as follows: "Proceedings to vacate or modify a judgment or order, for the causes mentioned in subdivisions *three* and *six* (of section 546), must be commenced in three years." Code of Civil Procedure, section 543, page 174. Section 550–551 and 552, taken in connection with those above cited, clearly indicate the intention of the legislature to require a party seeking to vacate or modify the judgment or order of the probate court or district court, to apply for such purposes directly to the court by which the judgment was rendered or the order made, and thereby have the action of that court on the question presented, before a resort should be had by appeal to a higher tribunal. For the action of these courts, exercising original jurisdiction, in matters of irregularity which will not prejudice the substantial justice of the case, special rules and conditions thereof are prescribed, which can not be enforced in this court, and, without which, the right of parties would have to be disposed of upon mere legal requirements of form, in practice, of the many specified in the code. We will refer to one of these as contained in section 550, page 173: "A judgment shall not be vacated, on motion or petition, until it is adjudged that there is valid defense to the action on which judgment is ren-

dered, or, if the plaintiff seeks its vacation, that there is a valid cause of action." After a careful consideration of the obvious design of the legislature in the enactment of the " Act to establish a code of civil procedure," we must conclude that it was to abolish the old and rigid rules and practice of the common law. They have expressly enacted that "its provisions, and all proceedings under it, shall be liberally construed with a view to promote its object, and assist the parties in obtaining justice." We have arrived at the conclusion, that for irregularities of procedure, such as we deem this to be, and matters of form, which are subject to amendment, and susceptible of legal adjustment in practice, so as to promote the claims of substantial justice of the case, we can not entertain appeals of error in this court. Parties must, before a resort is had to the appellate jurisdiction of this court in such matters, procure the action of the proper court thereon, and, if aggrieved by the decision thereof, a party may, by the usual proceeding of law, have resort to the appellate jurisdiction of this tribunal, and have the judgment thereof in affirmance or reversal of the ruling and adjudication of the court of original jurisdiction. This view of the case, we are satisfied, will carry out the manifest intention of the legislature, prevent delay by frivolous proceedings of error in this court, and promote the attainment of justice. This being a judgment by default, it can not, therefore, be successfully urged that the plaintiff in error was precluded from a resort to action, as to the matters here complained of in the court below. The

statute gives the party three years' time to move to vacate or modify the judgment there. When such motion is made, and the party shall feel aggrieved by the decision of that court, time enough is given them to invoke the power of this tribunal for a review of the rulings of the district court in the matters of complaint here presented in this case. It will be unnecessary to say any thing in reference to the other assignments of error filed here, as they are all of such a nature, as to have been amendable or otherwise properly disposed of by the court below. What we have above said of the first, is equally applicable to them.

ORDER.—It is, therefore, ordered by this court, that the petition in error of the plaintiff, and summons of this court, be, and is dismissed, and the cause remanded to the district court of Marshall county for further proceedings, in accordance with law. The costs of the proceedings in this court to be paid by the plaintiff in error, judgment to be entered accordingly.